IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T.B., by and through her natural parent and guardian, Brittany Bryner,<br><br>Plaintiff<br><br>v.<br><br>Ferndale Area School District, Travis Robison,<br><br>Defendants | CASE NO. _____<br><br>**ELECTRONICALLY FILED** |

## COMPLAINT IN CIVIL ACTION

Plaintiff, T.B., a minor, by and through her parent and natural guardian, Brittany Bryner, respectfully, by and through their undersigned counsel, Law Office of Jennifer O. Price, hereby asserts the following Complaint in Civil Action against Defendants, Ferndale Area School District and Travis Robison, and in support thereof states as follows:

## JURISDICTION AND VENUE

1. This Honorable Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, and 28 U.S.C. 1343, as this action arises under the laws of the United States.

2. Venue is proper pursuant to 28 U.S.C. 1391(b) in that the Defendants are subject to personal jurisdiction under this district and because a substantial part of the events and/ or admissions giving rise to Plaintiff's claims occurred in this district.

1

3. All of the Defendants' actions and omissions complained of herein have taken place within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

4. T.B. is a 12-year old minor who resides with her parent, Brittany Bryner. At the time of the allegations, T.B. and her mother resided in the Ferndale Area School District of Cambria County, Pennsylvania.  At all times pertinent to this complaint, Plaintiff was and continues to be a citizen of the United States and the Commonwealth of Pennsylvania.

5. Defendant, Ferndale Area School District (hereinafter referred to as "School District"), is located at 600 Harlan Avenue, Johnstown, PA 15905.  The School District is a government entity and receives federal funds for the purpose of providing education to children within its district.

6. Defendant, Travis Robison (hereinafter "Principal") is an adult individual who during all relevant times was employed by the Ferndale Area School District as the Principal. He is being sued in his individual capacity.

## RELEVANT LAWS AND POLICIES

7. Title IX of the Education Amendments of 1972 and its implementing regulations, reads, in pertinent part, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"

8. Title 42, Section 1983 of the United States Code reads, in relevant part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

9. The 14th Amendment of the United States Constitution reads, in relevant part,

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## STATEMENT OF RELEVANT FACTS

10. T.B. is a 13-year old minor, currently receiving education at home through the Pennsylvania Cyber Charter School.

11. Brittany Bryner is the biological mother and natural guardian of T.B.

12. Plaintiff, T.B., is a female student who was previously enrolled in the Ferndale Junior/Senior High School, a school within the Ferndale Area School District.

13. T.B. moved into the School District at the beginning of the 2019-2020 school year.

14. Beginning the week after Labor Day weekend in September of 2019, T.B. began getting harassed by fellow female students, R.H. and A.H.

15. These students called T.B. disparaging names on a regular basis including "slut" and "whore."

16. R.H. and A.H. also began spreading rumors in the school that T.B. had a sexually transmitted disease.

17. On numerous occasions, T.B. spoke with the Principal of the middle school about the harassing conduct.

18. Principal ignored the complaints.

19. T.B. continued to be harassed both in school and on social media for months. She continued to inform Principal, with no redress.

20. T.B. shared 1st, 3rd, and 5th period classes with the girls, where she sat close to them. Their seats were never changed.

21. The girls' schedules were never changed to prevent T.B. from having to see them during the school day.

22. T.B. began to hear rumors about being assaulted at school by the same girls with whom she shared classes.

23. T.B. told Principal about the rumors of being assaulted and Principal stated, "You'll be fine" and proceeded to walk back into his office.

24. The guidance counselor, Lori Dodson, called T.B. into her office to discuss the rumors Ms. Dodson heard about T.B. being assaulted at school.

25. Ms. Dodson told T.B. that she wouldn't let that happen and would take care of it.

26. On or about January 21, 2020, Principal implemented a 10-foot rule between T.B., R.H. and A.H.

27. The following day, January 22, 2020, T.B. was assaulted by K.K., the sister of R.H.

28. The assault occurred in the hallway, and there was no adult supervision at the time.

29. K.K. has a history of violence within the school.

30. K.K. has a history of engaging in harassing, bullying, and assaultive behavior within the school.

31. K.K. is known to fight with and for her sister, R.H.

32. As a result of the assault, T.B. developed a concussion and was unable to participate in physical activities for approximately one month from January 22, 2020 until February 21, 2020.

33. Ms. Bryner withdrew T.B. from school, after learning of the assault, on January 22, 2020.

## COUNT I
## DISCRIMINATION BASED ON SEX or GENDER
## (Title IX of the Education Amendments Act of 1972)

### T.B.

### v.

### Ferndale Area School District

34. The allegations set forth in Paragraphs 1 through 33 are hereby incorporated by reference as if more fully set forth herein.

35. Pursuant to Title IX, 20 U.S.C. § 1681 *et seq.*, Plaintiff was denied the benefits of the services, programs, and activities conducted on the campus of the School District when being subjected to sexual harassment by another adult male student.

36. The School District was aware of T.B.'s peers' harassing conduct and failed to remedy the behavior or its effects.

37. The School District continued to allow the behavior to occur, with no punishment, investigation, or other disciplinary measure for months.

38. The derogatory name-calling was used because of T.B.'s gender and T.B. is a member of a protected class.

39. T.B. was physically assaulted as a result of the school not providing the appropriate protective measures.

40. Principal was deliberately indifferent to T.B. when he failed to address the known issues.

41. The above-described actions of the Defendant are the direct and proximate cause of Plaintiff's injuries aforesaid.

42. As a result of the above violation, Plaintiff has suffered damages, including but not limited to psychological trauma, mental anguish, humiliation, and emotional distress.

WHEREFORE, T.B., by and through her parent and natural guardian, Brittany Bryner, hereby demands judgment against Defendant to include, but not be limited to:

      (a) Compensatory damages;
      (b) Attorney's fees and costs of suit;
      (c) Other relief as deemed appropriate by this Honorable Court.

## Count II
## VIOLATION of 14th AMENDMENT, PROCEDURAL DUE PROCESS

### T.B.

### v.

### Travis Robison

43. The allegations set forth in Paragraphs 1 through 42 are hereby incorporated by reference as if more fully set forth herein.

44. Plaintiff has a right to education, which is a property right, created by the Commonwealth of Pennsylvania. See *Dallam v. Cumberland Valley Sch. Dist.*, 391 Ps.Supp. 358 (M.D.Pa. 1975).

45. Defendant took away T.B.'s right to an education by not following any procedures.

46. The actions alleged by S.C. fall within the definition of "harassment" under Section 100, Code 104 of the Policy Manual.

47. Defendant failed to notify the Compliance Officer, conduct an investigation, write a report, or take corrective action.

48. Plaintiff was denied the benefits of the entire education process when she was harassed and assaulted, with no redress.

49. Plaintiff was diagnosed with a concussion and denied her educational benefits when she had to withdraw from school.

50. Defendant's actions and inactions interfered with Plaintiff's education.

WHEREFORE, Plaintiff, by and through her parents and natural guardians, Brittany Bryner, hereby demands judgment against Defendant to include but not be limited to:

(a) Compensatory damages;
(b) Punitive damages;
(c) Attorney's fees and costs of suit;
(d) Other relief as deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all causes of action and issues so triable.

Respectfully submitted,

The Law Office of Jennifer O. Price

DATE: 7/20/2020                By: _____
                               Jennifer O. Price, Esquire
                               Bar ID: 306382

7

Attorney for Plaintiff, T.B., by and
through her parent and natural guardian,
Brittany Bryner

Law Office of Jennifer O. Price
3950 William Penn Hwy., Suite 6
Murrysville, PA 15668
(724) 519-7587

**JURY TRIAL DEMANDED**