IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T.B., by and through her natural parent and guardian, Brittany Bryner | : | Civil Action |
| | : | |
| | : | 3:20-cv-000136 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FERNDALE AREA SCHOOL DISTRICT, TRAVIS ROBISON, | : | |
| | : | |
| Defendants | : | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)

AND NOW, comes the Defendants, Ferndale Area School District and Travis Robison, by and through their counsel of record, Carl P. Beard, Esquire, and Jennifer L. Dambeck, Esquire of Beard Legal Group, P.C., and hereby file the within Brief in Support of Defendants' Motion to Dismiss pursuant to F.R.C.P 12(b)(6).

### I. PROCEDURAL HISTORY

T.B., by and through her natural parent and guardian, Brittney Bryner, commenced this action with the filing of a civil Complaint on or about July 20, 2020. (Doc 1). In her Complaint, Plaintiff, a former student of the Ferndale Area School District, levies the following two (2) causes of action: Count I – Discrimination based on sex or gender (Title IX of the Education Amendments Act of 1972) as asserted against the School District; and Count II – Violation of Fourteenth Amendment Procedural Due Process as asserted against Principal Travis Robison in his individual capacity. Defendants timely filed a Motion to Dismiss, concurrently with the filing of this Brief in Support thereof.

## II. FACTUAL ALLEGATIONS

The Plaintiff, a twelve (12) year-old minor, and her mother resided in the Ferndale Area School District located in Johnstown, PA. (Doc 1, ¶ 4-5). Plaintiff was previously enrolled in the Ferndale Junior/Senior High School and moved into the District at the beginning of the 2019-2020 school year. (Doc 1, ¶ 12-13).

Plaintiff alleges that she began being harassed by fellow female students, R.H. and A.H., beginning the week after Labor Day weekend in September of 2019; this harassment involved these female students calling Plaintiff disparaging names on a regular basis such as "slut" and "whore" and spreading a rumor in school that Plaintiff had a sexually transmitted disease. (Doc 1, ¶ 14-16). Defendants wish to make it clear that R.H. was not a student of the District until October 21, 2019.

In response to these actions, Plaintiff claims that she spoke with Middle School Principal Travis Robison about the conduct by female students R.H. and A.H., but that her complaints were ultimately ignored. (Doc 1, ¶ 17-18). She states that she continued to be harassed both in school and on social media for months without any redress, including any rearrangement of seating and/or class schedules. (Doc 1, ¶ 19-21).

Plaintiff further claims that she informed Mr. Robison about rumors that she would be assaulted at school, and that he allegedly replied "You'll be fine." (Doc 1, ¶ 22-23). The Guidance Counselor, Lori Dodson, further discussed the rumors of an assault with Plaintiff, and Mr. Robison implemented a "10-foot rule between T.B., R.H., and A.H." on January 21, 2020. (Doc 1, ¶ 24-26). Despite these actions, Plaintiff claims that she was assaulted by a third female student, K.K., in a District hallway where there was allegedly no adult supervision. (Doc 1, ¶ 27-28). Female student K.K. is the sister of R.H., and was not subject to the alleged "10-foot rule". As to K.K.,

Plaintiff makes broad and conclusory allegations that K.K. has a history of engaging in harassment, bullying, and assaultive behavior—including that K.K. is known to fight with and for her sister R.H.—without any facts to support her belief of same. (Doc 1, ¶ 29-31). Following the assault on T.B., Plaintiff's mother immediately withdrew T.B. from the Ferndale Area School District on January 22, 2020 and transferred her to another school district. (Doc 1, ¶ 32-33).

It is the Defendants' contention that Plaintiff's claims under Counts I and II must be dismissed for failure to state a claim.

### III.   STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 220 (3d Cir.2011), *cert. denied,* 132 S.Ct. 1861 (2012). However, the actual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007).

A District Court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n .7 (3d Cir. 2010). First, the court must take note of the elements a plaintiff must plead to state a claim. *Id.* at 130. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Third, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Id.*

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but should disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes–Barre,* 700 F.3d 675, 679 (3d Cir. 2012). The Court "must then determine whether the facts alleged are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).

The determination for plausibility will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211. While the standard "does not require 'detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

## IV. ARGUMENT

### A. Plaintiff failed to state a plausible Title IX claim.

Title IX prohibits discrimination on the basis of sex in education programs and activities that receive federal funding. 20 U.S.C. §1681(a). In cases involving student to student harassment, such as the subject case, the Plaintiff seeking to recover under Title IX is held to a higher standard.

The United States Supreme Court stated in *Davis v. Monroe County Board of Education,* 526 U.S. 629 (1999), that for harassment to be actionable it must be "so severe, pervasive and objectively offensive that it can be said to deprive victims of access to the education opportunities or benefits provided by the school." The *Davis* Court warned courts not to second guess school

administrators to ensure they retained the flexibility to run their schools. School administrators cannot be required to purge their schools of peer harassment. *Id.* at 648. Further, alleged victims are not entitled to demand particular remedial actions, nor are schools required to take certain remedial actions. *Id.*

To establish a Title IX claim on the basis of student-on-student sexual harassment, Plaintiff must show that (1) the District received federal funds; (2) sexual harassment occurred; (3) the harassment occurred under both circumstances where the District exercised substantial control over both the harasser and the context in which the harassment occurred; (4) the District had actual knowledge of the harassment; (5) the District was deliberately indifferent to the harassment; and (6) the harassment was so severe, pervasive, and objectively offensive that it deprived the victim of access to educational opportunities or benefits provided by the District. *Davis*, 526 U.S. at 645, 650; *Butler v. Mountain View Sch. Dist.*, No. 3:12-CV-2038, 2013 WL 4520839, at *15-16 (M.D. Pa. Aug. 26, 2013).

A school district's liability under Title IX for student to student harassment is limited to "circumstances wherein the recipient exercises substantial control over both the harasser and the context in which the known harassment occurs." *Davis,* 526 U.S. at 645, 650. The law is clear that alleged harassment which takes place off of school grounds and/or outside of school hours does not occur under circumstances where the school district exercised substantial control over either the harasser or the context in which the harassment occurred. *M.S. v. Susquehanna Twp. Sch. Dist.*, No. 13-2718, 2017 WL 6397827, at *10 (M.D. Pa. 2017) (harassment through social media not within school district's control); *Dawn L. v. Greater Johnstown Sch. Dist.*, No. 06-19, 2008 WL 857453, at *10 n.3 (W.D. Pa. March 31, 2008) (excluding from the harassment action at the summary judgment stage any acts by the offender that occurred "outside of the School.").

In the instant case, the Complaint alleges that R.H. began harassing T.B. the week after Labor Day weekend in September of 2019. (Doc. 1, ¶ 14). However, the District could not and further did not have any control over R.H. until she became enrolled as a District student on October 21, 2019. To the extent that Plaintiff attempts to impose liability on the District for R.H.'s alleged acts that occurred prior to October 21, 2019, those acts must be excluded from the Complaint.

The factual allegations are likewise unclear as to whether the District had substantial control over R.H. and A.H. relative to their alleged use of disparaging names towards Plaintiff. While the Complaint generally claims that T.B. was called disparaging names on a regular basis, there is no allegation or inference that such name calling took place on school grounds and/or during school hours such that the District would have substantial control. (Doc 1, ¶ 15). To the extent that Plaintiff attempts to rely on paragraph 19 that she "continued to be harassed both in school and on social media for months," such conclusory allegations fail to supply the necessary factual details to support that sexual harassment occurred at school, including what the harassment consisted of, when it occurred, or how often it took place. Therefore, Plaintiff has failed to sufficiently plead a Title IX claim to hold the District liable for such alleged acts.

Plaintiff's claims concerning harassment on social media should be likewise excluded. Even when viewing the Complaint in the light most favorable to Plaintiff, there are no factual allegations concerning the identities of the harassers, the comments made on social media, the context in which this occurred, or any other facts or inferences to suggest that the District had substantial control over any conduct that occurred on social media. *See M.S*, 2017 WL 6397827, at *10. To that end, it is not clear from the Complaint that <u>any</u> social media user made comments about T.B. because of her sex or gender. Such vague claims are insufficient under the law to

constitute sexual harassment nor rise to the level of persistence or severity required to state a Title IX claim. *See Lansberry v. Altoona Area Sch. Dist.*, 318 F. Supp. 3d 739 (W.D. Pa. 2018). *See also Butler*, 2013 WL 4520839, at *7 (Court noting the distinction between sexual harassment and bullying.)

Plaintiff specifically alleges—at best—that two (2) female students spread rumors in school that Plaintiff had a sexually transmitted disease and she was assaulted by a third female student, K.K., on January 22, 2020.[1] "Sexual harassment must be both viewed subjectively as harassing by the victim and be objectively severe or pervasive enough that a reasonable person would agree that it is harassment." *Id.* at *6. The Supreme Court has instructed that "[w]hether gender-oriented conduct rises to the level of actionable 'harassment'... 'depends on a constellation of surrounding circumstances, expectations, and relationships...'" *Davis*, 526 U.S. at 651 quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998). These circumstances include, but are not limited to, "the ages of the harasser and the victim and the number of individuals involved." *Id.* However, the Third Circuit is clear that "sporadic and isolated incidents of sexual harassment fail to give rise to a Title IX claim." *Lansberry*, 318 F. Supp. 3d at 752.

While the District contests Plaintiff's allegations that student KK had engaged in prior harassing/assaultive behavior in the school and fights with/for her sister R.H., these allegations on their face do not support that sexual harassment allegedly occurred or that the District had actual knowledge of same. *See Butler*, 2013 WL 4520839, at *7 (the plaintiff must allege "actual notice of the sexual harassment itself, not merely other bullying or teasing."). In the instant matter, there are no allegations that K.K.'s alleged prior conduct was directed at T.B., females in general, or

---

1. Plaintiff specifically claims that T.B. was subjected to sexual harassment by <u>another adult male student</u>. (Doc. 1, ¶ 35). However, there are no allegations or inferences in the entirety of the Complaint concerning claims of sexual harassment by a male student, let alone an adult male student.

that the assault was motivated in any way by T.B.'s sex or gender. *See Frazer v. Temple Univ.*, 25 F.Supp.3d 598, 614 (E.D. Pa. 2014) (granting motion to dismiss Title IX claim because while plaintiff alleged that university was on notice of former boyfriend's "propensity for violence" against fellow males, plaintiff did not allege that university had notice of prior acts of sexual harassment against females). Despite Plaintiff's vague and conclusory allegations, there are no facts alleged that the District had actual knowledge of any sexual harassment by K.K. at any time before the assault occurred on January 22, 2020; as such, the District could not have acted with deliberate indifference regarding the assault itself.

Even when viewing the Complaint in the light most favorable to Plaintiff, she has simply failed to provide sufficient factual detail to corroborate her vague and conclusory allegations that she suffered sexual harassment at school, such behavior was so severe or pervasive, known by Defendants, and the District was deliberately indifferent to sexual harassment. Furthermore, it is impossible to determine that the District's actions were clearly unreasonable in light of what Principal Travis Robison allegedly knew or, in this case, did not know; at a minimum, the Complaint contends that Mr. Robinson implemented an alleged 10-foot rule between T.B., R.H., and A.H. in response to Plaintiff's concerns of an assault. (Doc. 1, ¶ 26). Accordingly, Plaintiff's Title IX claim should be dismissed as a matter of law.

### B. Plaintiff failed to state a plausible claim for a violation of her Fourteenth Amendment Procedural Due Process Rights.

To assert a claim for the alleged violation of her procedural Due Process rights, Plaintiff must allege "individual interests encompassed within the Fourteenth Amendment's protection of life, liberty, or property" and "whether the procedures available provided the plaintiff with 'due process of law.'" *A.B. v. Montgomery Area Sch. Dist.*, 4:10-cv-484 * 14 (M.D. Pa. Aug. 10, 2012).

Plaintiff does not allege that she was denied notice and the opportunity to be heard; rather, she claims Mr. Robison ignored the harassment directed at her and assault on January 22, 2020 which resulted in Ms. Bryner withdrawing and transferring T.B. to another school district on January 22, 2020. (Doc. 1, ¶ 33, 48-49). Specifically, Plaintiff contends that Mr. Robison's failure to notify the Compliance Officer, conduct an investigation, write a report, or take corrective action per District policy[2] denied her the benefits of the entire educational process. (Doc. 1, ¶ 47).

However, there are no facts pled that Plaintiff was prohibited from participating in clubs, extracurricular activities, or sporting events, or that she was deprived of benefits and opportunities associated with public education. In fact, Plaintiff claims that Mr. Robison took actions to restrict contact between Plaintiff and female students R.H. and A.H. on January 21, 2020 in response to her concerns of an assault. Plaintiff has not alleged that she brought previously forward complaints and/or alleged bullying or other type of improper conduct between herself and K.K. that would otherwise need to be investigated by Mr. Robison and/or the District. As such, Plaintiff's contention that Mr. Robison failed to investigate student K.K. prior to any alleged complaint of wrongful behavior prior to the attack on January 22, 2020 is without basis.

More importantly, Plaintiff cannot assert a procedural due process claim because she cannot allege an essential element of that claim, that the deprivation of the protected interest was somehow attributable to the District, not a private actor. Here, the complained of actions for alleged harassment and assault are attributable to students, and not to Mr. Robison as a state actor. Actions by private individuals, not the District, are insufficient to give rise to a procedural due process claim. *See Monn v. Gettysburg Area Sch. Dist.*, 553 F. App'x 120 (3d Cir. 2014) (Court affirming

---

2. Plaintiff specifically contends that the "actions alleged by S.C." constitute harassment under Policy 104. (Doc. 1, ¶ 46). However, District Policy 104, Nondiscrimination/Discriminatory Harassment, concerns employment practices and the complaint procedures for employees and third parties rather than students; complaint procedures for students relative to harassment are addressed in a separate Board Policy

dismissal of procedural due process claim from parents of several allegedly bullied middle school students that alleged that school district officials, after being notified of the bullying, did not act to prevent the bullying of the students.).

Accordingly, Plaintiff's procedural due process claim should be dismissed with prejudice.

## V. CONCLUSION

For the reasons set forth herein, Defendants Ferndale Area School District and Travis Robison respectfully request that this Honorable Court grant the within Motion to Dismiss and dismiss Plaintiff's Complaint and the claims set forth therein, with prejudice.

Respectfully Submitted,

**BEARD LEGAL GROUP, P.C.**

*/s/ Jennifer L. Dambeck*
Carl P. Beard, Esq.
Pa. I.D. No. 33479
cbeard@beardlegalgroup.com
Jennifer L. Dambeck, Esquire
Pa I.D. 312999
jdambeck@beardlegalgroup.com
Counsel for Defendants
3366 Lynnwood Drive
Altoona, PA 16602
Ph: (814) 943-3304
Fax: (814) 943-3430

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T.B., by and through her natural parent and guardian, Brittany Bryner | : | Civil Action |
| | : | |
| | : | 3:20-cv-000136 |
| Plaintiff, | : | |
| v. | : | |
| FERNDALE AREA SCHOOL DISTRICT, TRAVIS ROBISON, | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, Jennifer L. Dambeck, Esquire, of Beard Legal Group, P.C., hereby certify that a true and correct copy of the Defendants' Brief in Support of Motion to Dismiss has been served on the following parties of record via U.S. mail, email, and/or U.S. Western District's Electronic Case Filing System on this 18th day of September 2020.

Jennifer Price, Esquire
Law Office of Jennifer O. Price
3950 William Penn Hwy, Suite 6
Murrysville, PA 15668
jprice@jenniferpricelaw.com

Respectfully Submitted,

**BEARD LEGAL GROUP, P.C.**

*/s/ Jennifer L. Dambeck*
Carl P. Beard, Esq.
Pa. I.D. No. 33479
cbeard@beardlegalgroup.com
Jennifer L. Dambeck, Esquire
Pa I.D. 312999
jdambeck@beardlegalgroup.com
Counsel for Defendants
3366 Lynnwood Drive
Altoona, PA 16602
Ph: (814) 943-3304
Fax: (814) 943-3430